IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RICHARD GUY**,

    Plaintiff,

vs.                                                                        Civ. No. 11-63 WJ/RHS

**AMERICAN INTERNATIONAL GROUP, INC. (AIG);
INTERNATIONAL AMERICAN PRODUCTS, INC. (IAP);
KELLOG, BROWN, AND ROOT, INC. (KBR);
LLOYD-OWEN INTERNATIONL (LOI);
UNITED STATES DEPARTMENT OF LABOR (DOL);
UNITED STATES DEPARTMENT OF DEFENSE (D0D);
U.S. ARMY MEDICAL DEPARTMENT - (LRMC)
LANDSTUHL REGIONAL MEDICAL CENTER**,

    Defendants.

### MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on pro se Plaintiff Richard Guy's motion to proceed *in forma pauperis* ["IFP"], filed January 18, 2011, *see* Doc. 3, and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. If the Court determines that "the allegation of poverty is untrue," or that a complaint filed without the prepayment of filing fees fails to state a cognizable claim, it must dismiss the case. *See* § 1915(e)(2)(A), (B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of complaints under §

1915(e) is now mandatory).

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Guy, who is currently incarcerated, has received $467.50 in his prison account during the last six months from prison jobs and deposits made by third parties. *See* Doc. 3 at 3. He has used most of the money for unidentified commissary purchases. *See id.* at 3-4. Taxpayers already pay for his necessities of life, of course. There appears to be no reason why Guy cannot apply his prison income to payment of his filing fees instead of discretionary commissary purchases.

Even if Guy could show that his commissary purchases are for necessities, however, the Court would still deny his motion to proceed IFP and dismiss his Complaint because he has failed to state a viable federal claim against any Defendant. In screening the complaint, the Court resolves the issue whether the complaint states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level. In addition, [the Court] must construe a pro se [] complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted).

Guy suffered a knee injury in 2006 while working as a truck driver in Iraq for subcontractor Defendant International American Products ("IAP"), which subcontracted to Defendant Kellogg,

Brown, and Root ("KBR") under KBR's contract with the United States military to deliver supplies to U.S. troops. *See* Doc. 1 at 2, 3, 11. He states that he suffered a "heart attack" while working on a stressful logistical mission, but "because it went away," he "forgot about it" and apparently never reported it. *Id.* at 2, 11. After his knee injury, he was sent to Kuwait City for treatment for his knee, and while he was awaiting treatment (still in 2006), IAP lost its contract and laid off its workers, so he lost his housing. *See id.* at 11. Thirty days later, he had a heart attack that required surgery, and he was sent to Germany for both the heart surgery and for surgery on his knee. *See id.* at 2, 11. IAP, through its insurer AIG, refused to compensate Guy or to pay the medical expenses for the heart surgery (for which Guy paid $10,000 and apparently still owes the Landstuhl Army Hospital $40,000), but IAP/AIG agreed to compensate and treat Guy for the knee injury. *See id.* at 2, 12. Guy filed a claim for compensation under the Defense Base Act, 42 U.S.C. §§ 1651-1654, and Guy and IAP/AIG agreed that IAP/AIG would pay Guy $5000/month while he was recuperating from the knee surgery. *See id.* at 12. After two months, IAP/AIG discontinued the payments when Guy's female roommate (another IAP employee) falsely reported after an argument that Guy was working. *See id.* at 13. Guy was then left to fend for himself in Kuwait until September 2007. *See id.* at 14. He alleges that he suffers PTSD from having worked in Iraq and that the stress caused his heart attack and current emotional problems. *See id.*

Besides suing IAP/AIG and KBR, Guy has named Lloyd-Owen International, the United States Department of Labor, the United States Department of Defense, and the United States Army Medical Department at Landstuhl Regional Medical Center in Germany. *See id.* at 1. Guy alleges no facts to support liability of any kind regarding these Defendants. He brings suit against the United States and other federal defendants under the Federal Tort Claims Act "for recovery of injuries and compensation under the Defense Base Act," *id.*, and also alleges jurisdiction under 42

U.S.C. § 1983, the U.S. Constitution, and the Defense Base Act itself, *id.* at 3.  He states that he is suing for "civil rights voilations [sic]," "negligence," "personal injuries and compensation for disabilities sustained in a 'war zone Iraq'." *Id.* at 1.

The only proper defendant in a FTCA claim is the United States, see 28 U.S.C. §§ 1346(b), 2674, 2679, which Guy has not named.  But even if the Court allowed Guy to amend his Complaint to substitute the United States for the other federal agency-defendants, the United States may not be sued without its consent.  Such a waiver of

> sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute.  It long has been established, . . . that the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit.  A waiver of sovereign immunity cannot be implied, but must be explicitly expressed.
>
> \* \* \* \*
>
> The burden is on the [plaintiff] to find and prove an explicit waiver of sovereign immunity.

*Fostvedt v. United States*, 978 F.2d 1201, 1202-03 (10th Cir. 1992) (internal quotation marks and citations omitted).  Although the FTCA constitutes a limited waiver of the federal government's sovereign immunity from private suit, Guy does not allege any facts to show how his suit falls within that waiver.  Further, a plaintiff suing under the FTCA must comply with the statute's notice requirements, which are jurisdictional, cannot be waived, and must be strictly construed.  *See Trentadue v. United States*, 397 F.3d 840, 852 (10th Cir. 2005).  "The jurisdictional statute, 28 U.S.C. § 2675(a), requires that claims for damages against the government be presented to the appropriate federal agency by filing (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Id.* (internal quotation marks and citation omitted).  Although the administrative tort claim "need not elaborate

all possible causes of action or theories of liability," it must provide notice of the "facts and circumstances" underlying the plaintiff's claims. *Id.* at 853.

Guy does not allege that he has filed a formal administrative tort claim. It also appears that the FTCA's 2-year statute of limitations applies to forever bar such a suit. *See* 28 U.S.C. § 2401(b) (providing that "[ a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . ."); *Bradley v. United States*, 951 F.2d 268, 270-71 (10th Cir. 1991) (noting that a tort claim accrues when a claimant knows of the existence and cause of the injury).

Guy also cites 42 U.S.C. § 1983 as a jurisdictional basis for filing his Complaint. Insofar as Guy may be attempting to sue under § 1983, his claims are not cognizable against the federal government, its agencies, or the private corporations. *See Punchard v. United States Bureau of Land Mgmt.*, 180 Fed. App'x 817, 819, 2006 WL 1389107, **2 (10th Cir. May 18, 2006) (holding that "[t]he federal government is not subject to suit under § 1983;" that *Bivens* claims for deprivation of constitutional rights actions "lie only against federal actors in their individual capacities, not in their official capacities and not against the federal agencies for which they work;" and that "[c]onstitutional torts [against the government] are not cognizable under the [Federal Tort Claims Act]"); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (holding that sovereign immunity precludes damage claims against the United States government). Further, the private corporate Defendants are not state actors, nor are there any allegations that they acted under color of state law, thus no cause of action lies against them under § 1983. *See Pierce v. Gilchrist*, 359 F.3d 1279, 1285 (10th Cir. 2004) ("Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' by any person acting under color of state law."). Guy has failed to state cognizable claims under § 1983 and there is no basis for

jurisdiction in this Court under § 1983 or the Constitution.

In short, Guy has stated no facts that give rise to any cause of action against any Defendant except for IAP/AIG. And under the Defense Base Act, Guy's exclusive remedy against IAP/AIG is under the Act itself. *See* 42 U.S.C. § 1651(c) ("liability of an employer . . . under this chapter shall be exclusive and in place of all other liability of such employer . . . to his employees (and their dependents) coming within the purview of this chapter. . . ."). The Defense Base Act expressly incorporates the provisions of the Longshore and Harbor Workers Compensation Act ("LHWCA"). *See id.* Under 33 U.S.C. § 913(a) of the LHWCA, "the right to compensation for disability or death under this chapter shall be barred unless a claim therefore is filed within one year after the injury or death. If payment of compensation has been made without an award on account of such injury or death, a claim may be filed within one year after the date of the last payment." Thus, a new claim under the Defense Base Act had to be filed within one year after his benefits under the Defense Base Act were discontinued, and new claims are now barred. Insofar as Guy may be requesting judicial review of an administrative ruling that he was not entitled to more than the medical services provided and the $10,000 compensation that IAP/AIG paid in 2006 or 2007, under the Act, he had to appeal to the Benefits Review Board, and if that ruling was unfavorable, he had to file, "in the United States court of appeals for the circuit in which the injury occurred, . . . within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside." 33 U.S.C. § 921 (a), (c). Guy has not stated a viable federal claim under the Defense Base Act or any other federal statute against IAP/AIG. Because Guy has failed to allege sufficient facts to invoke the subject-matter jurisdiction of this Court, his action must be dismissed. *See* FED. R. CIV. P. 12(h)(3).

**IT IS ORDERED** that Guy's motion to proceed IFP (Doc. 3) is DENIED and that his action

is DISMISSED without prejudice for failure to state a cognizable federal claim and for lack of subject-matter jurisdiction.

_____
**UNITED STATES DISTRICT JUDGE**